*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-366

APRIL TERM, 2015

| | | |
|---|---|---|
| Prentice Weitman | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Johanna Staudinger Weitman | } | DOCKET NO. 48-1-13 Rddm |

Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

Husband appeals a final divorce order issued by the family division of the superior court. He argues that the court abused its discretion by awarding wife rehabilitative maintenance for a period of four years. We affirm.

The parties were married in September 2008 and separated in September of 2012. They had no children together. Both parties have a high school education. Husband was forty-five years old at the time of the final hearing. During the previous six years, he had averaged approximately $235,000 in annual income from his job as a managing network engineer for a "cloud computing" company. Wife was thirty-eight years old at the time of the final hearing. She was diagnosed with multiple sclerosis in 2004. Although her long-term health is problematic, she is able to work. She worked at various jobs before the marriage but worked only in a limited capacity during the marriage because of husband's ability and willingness to support both of them. She was responsible for managing the parties' finances and for cooking and doing housework. In 2013, she earned approximately $6000 from part-time employment. She has been studying to be a yoga instructor and has set up a studio in the marital home for that purpose.

The parties met in California but moved first to Massachusetts and later to Vermont to be closer to their families. In June 2009, the parties purchased from wife's father the home in Chittenden, Vermont where wife had grown up. Wife's father gifted to the parties the equity in the home, approximately $55,000, in exchange for allowing him to remain in the house and work in his carpentry studio. The parties struggled with their relationship during the next few years and finally separated.

The final divorce hearing was held over two days during the summer of 2014. The parties' total marital assets amounted to approximately $200,000, a little over half of which was the net value of husband's pension. The marital home had a fair market value of $275,000, but only approximately $50,000 in equity, less than when the parties purchased the property. Following the hearing, the court awarded husband fifty-five percent, and wife forty-five percent, of the marital property. The court awarded the marital home to wife and gave her $30,000 of

husband's pension to arrive at the 55-45 split. The court also awarded wife $2136 in monthly rehabilitative maintenance—equal to the monthly mortgage and loan payments on the marital home—for a period of four years.

On appeal, husband argues that the family court abused its discretion in making the maintenance award. Husband complains that a vast majority of the parties' assets resulted from his efforts, with no contribution from wife, and yet, when the maintenance award is factored in, the court's order is actually awarding wife over sixty percent of the assets. He contends that, as long as wife did not travel overseas as she did during the marriage, she could live as she had during the marriage without any contribution from him. At the same time, he argues that wife cannot afford to live in the marital home, and that awarding her maintenance to allow her to do so is just delaying the inevitable—her selling the home and profiting from his contributions to the equity in the home.

We conclude that the family court acted well within its discretion in awarding wife rehabilitative maintenance for a period of four years. "The family court has considerable discretion in ruling on maintenance, and the party seeking to overturn a maintenance award must show there is no reasonable basis to support the award to succeed on appeal." Golden v. Cooper-Ellis, 2007 VT 15, ¶ 47, 181 Vt. 359. Husband does not meet that standard here. Rehabilitative or permanent maintenance may be awarded if the court finds that the spouse seeking maintenance lacks sufficient income to provide for his or her reasonable needs and is unable to support himself or herself at the standard of living established during the marriage. 15 V.S.A. § 752(a). The maintenance award must be "in such amounts and for such periods of time as the court deems just, after considering all relevant factors." Id. § 752(b). Among the relevant factors are: (1) the financial resources of the party seeking maintenance and the ability of that party to meet his or her needs independently; (2) the time and expense for the party seeking maintenance to obtain education or training to find appropriate employment; (3) the standard of living established during the marriage; (4) the duration of the marriage; (5) the age and health of both parties; and (6) the ability of the spouse from whom maintenance is sought to meet his or her reasonable needs. Id. We have held that this "statute is based on a concept of relative, not absolute, need," and that "reasonable need is not to be judged in relation to subsistence," but rather "to be determined in light of the standard of living established during the marriage." Clapp v. Clapp, 163 Vt. 15, 19 (1994) (quotation omitted).

Here, in a detailed decision, the family court carefully examined and weighed each of the relevant factors, both with respect to the property division and the maintenance award. Regarding the maintenance award, the court acknowledged the relatively short duration of the marriage, but concluded that maintenance was required under the circumstances because, although wife was capable of earning $25,000 per year, she would not be able to meet her reasonable needs in light of the standard of living established during the marriage without husband providing some support. The court tied the amount of the support to the mortgage and loan payments on the marital home, where wife was attempting to establish a yoga studio. The court noted the great disparity in the parties' earning capacities and husband's ability to provide the specified support while meeting his reasonable needs. The court viewed the rehabilitative maintenance as necessary to get wife on her feet financially while she attempted to obtain employment or establish her yoga studio.

The court's reasoning supports its award, which was within its broad discretion. We find no merit to husband's contention that the award amounted to an abuse of discretion given the

2

trial court's reasoned analysis of the relevant statutory factors. He also ignores the fact that the equity in the marital home was a gift from wife's father and did not increase during the marriage. The marriage was not lengthy, but wife's property award from the parties' limited assets was modest, particularly when considering the vast disparity in the parties' earning capacities. Therefore, the court did not err in awarding wife time-limited rehabilitative maintenance to help wife become financially stable following the divorce while she obtained appropriate employment or established her yoga studio.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice